## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| | : | |
| LINDA A. JACOBS, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| OSCAR B. JONES, | : | No. 26-394 |
| Defendant. | : | |
| | : | |

## ORDER

**AND NOW,** this 31st day of July, 2026, following an on-the-record discovery hearing, and upon consideration of Plaintiff Linda A. Jacobs' letter dated July 24, 2026 (ECF No. 38), and the Defendant's response (ECF No. 40), it is hereby **ORDERED** that Plaintiff's request to quash the DraftKings subpoena issued by the Defendant is **DENIED without prejudice**.[1]

BY THE COURT:

_s/Pamela A. Carlos_____
PAMELA A. CARLOS
U.S. Magistrate Judge

---

[1] In both her July 24 letter and her counsel's argument at the discovery hearing, Plaintiff has essentially requested the undersigned to quash the DraftKings subpoena that Defendant issued pursuant to this matter. *See* ECF No. 38. However, as Defendant pointed out in his response, *see* ECF No. 40, at 5 (citing to *Thomas v. Marina Assocs.*, 202 F.R.D. 433 (E.D. Pa. 2001)), Plaintiff does not have standing to challenge the DraftKings subpoena, as she has not invoked a "personal right" or "interest" in the subject matter sought, *see Green v. Cosby*, 216 F. Supp. 3d 560, 563–64 (E.D. Pa. 2016) ("Generally speaking, a party does not have standing to quash a subpoena served on a third party. There is an exception, however, when the party claims some personal right or privilege in respect to the subject matter of the subpoena." (citation modified)). Rather, it is her son—not her—who is the subject of that information. Moreover, this is not the proper forum for challenging the subpoena. Rule 45 requires that motions to modify or quash subpoenas be filed in "the district where compliance is required." *See* Fed. R. Civ. P. 45(d)(3). Therefore, I am constrained to deny Plaintiff's motion to quash the subpoena, but the denial is without prejudice to the proper party raising these issues in the appropriate forum.

Despite this result, I will note that Plaintiff's arguments as to the alleged relevancy and overbreadth of the subpoena are compelling. As discussed at the discovery hearing on this matter, the timeframe included in the subpoena goes well beyond the scope of this matter, and the requested deposit information and communication evidence is irrelevant to this defamation case.