**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| LINDA A. JACOBS, Plaintiff, | : | CIVIL ACTION |
| v. | : | |
| OSCAR B. JONES, Defendant. | : | No. 26-394 |

## ORDER

**AND NOW,** this 18th day of September, 2026, upon consideration of Non-Party Steven B. Jacobs's emergency letter request to enforce ECF No. 56 and impose sanctions (ECF No. 65), and Oscar B. Jones's letter responses thereto (ECF No. 66, 71), and following an on-the-record show cause hearing held on September 17, it is hereby **ORDERED** that Mr. Jacobs's motion for sanctions (ECF No. 65) is **GRANTED in part.** I find that Defendant Oscar B. Jones is in contempt of court, and as an appropriate sanction, Defendant shall **immediately** delete the social media post that is the focus of Mr. Jacobs's motion.[1]

[1] After allowing Defendant to obtain certain discovery over Mr. Jacobs's objection, I found that there was good cause to enter a protective order over that information, and I "strictly **prohibited"** the Defendant from using that information for any purpose outside this litigation and from "publicly disseminating" it. *See* ECF No. 56, at ¶ 2. Less than 48 hours after he received the discovery, he chose to flout my order and posted on X (formerly Twitter) about the contents of the information he received. Unsurprisingly, Mr. Jacobs (whose personal financial and gaming information was the subject of the discovery and social media post) moved the Court to find Defendant in contempt for violating my order and sanction him. *See* ECF No. 65.

Defendant responded both in writing (*see* ECF Nos. 66, 71) and at a show cause hearing. In essence, he argues that the protective order was ambiguous because the information he posted on social media had been discussed at his deposition the day before, and therefore, he believed he was authorized to publicly discuss it. I find this to be unconvincing. The relevant court order was abundantly clear: the information obtained from the subpoena could not be used for any purpose outside litigation and could not be publicly disseminated. Discussing the discovery at a deposition held in this case fits within those parameters; publicly posting about it on social media does not. Nowhere in my order is there an exception to allow public dissemination for any reason, including if the information were to somehow become publicly available through other means. Therefore, Defendant's argument—that he found my directive to somehow be "ambiguous"—is simply not credible, and I find by clear and convincing evidence that he is in contempt for violating the protective order I entered on docket number 65, paragraph 2. *John*

It is **FURTHER ORDERED** that if Defendant does not remove the post, starting today, he must pay $500 to the Clerk of Court for every day it remains.

BY THE COURT:

_*s/Pamela A. Carlos*_______
PAMELA A. CARLOS
U.S. Magistrate Judge

---

*T. ex rel. Paul T. v. Del. Cty. Intermediate Unit*, 318 F.3d 545, 552 (3d Cir. 2003) (listing elements for civil contempt as "(1) a valid court order existed, (2) the [individual] had knowledge of the order, and (3) the [individual] disobeyed the order").

Having found Defendant in contempt, the next question is what are the appropriate sanctions to remedy the violation. Consistent with the underlying purposes of civil contempt, sanctions are typically either compensatory (i.e., reimburse for losses caused by the violation) or coercive (i.e., force the defendant into compliance with the court order). *Shmuely v. Transdermal Specialties, Inc.*, No. 17-1684, 2019 WL 3002942, at *3–4 (E.D. Pa. July 10, 2019). Indeed, courts often attempt to obtain compliance by "setting forth in advance the penalties the court will impose if the party deviates from the path of obedience." *Id.* (quoting *Schutter. Herskowitz*, No. 07-3823, 2008 WL 4822012, at *4 (E.D. Pa. Nov. 6, 2008). That is what I have chosen to impose here. Mr. Jones is ordered to immediately remove the post at issue. Should he not comply, then he will be fined $500 for every day that it remains. This fine will be payable to the Court. All other sanctions requested by Mr. Jacobs will be denied.