**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| LINDA A. JACOBS, Plaintiff, | : | CIVIL ACTION |
| v. | : | |
| OSCAR B. JONES, Defendant. | : | No. 26-394 |

**ORDER**

**AND NOW,** this 18th day of September, 2026, upon consideration of Non-Party Steven B. Jacobs's emergency letter request for temporary sealing pending September 17 hearing (ECF No. 72), it is hereby **ORDERED** that Mr. Jacob's motion (ECF No. 72) is **DENIED as moot.**[1]

BY THE COURT:

*s/Pamela A. Carlos*
PAMELA A. CARLOS
U.S. Magistrate Judge

[1] This determination does not preclude the parties from moving to seal or redact any docket entries consistent with the protective order entered in this case. However, the parties are warned that any request for sealing must comply with the binding caselaw, which requires an articulated showing "that the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure." *In re Avandia Mktg.*, 924 F.3d 662, 672 (3d Cir. 2019) (quoting *Miller v. Indep. Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994)). "Broad allegations of harm, bereft of specific examples or articulated reasoning, are insufficient." *Id.* at 673 (quoting *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001)).